**WO**                                                                                            BL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jason Johnathan Lewis, | ) | No. CV 04-3055-PHX-SMM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Moore, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jason Johnathan Lewis filed a Motion to Amend.  The Court construes the motion as a request for reconsideration of the Court's order granting summary judgment in favor to Director of the Arizona Department of Corrections (ADC) Dora Schriro, Assistant Deputy Warden L. Schweitzer, Major R. Hoover, Capt. S. Miller, Sgt. Carroll, and Corrections Officers S. Demsey and Moore and dismissal of Plaintiff's action (Doc. #28). The Court will grant reconsideration and modify its prior order to the extent that Defendants will be granted summary judgment in the alternative on the merits.

**I.  Motion for Reconsideration**

Plaintiff filed a 42 U.S.C. § 1983 action against Defendants alleging that his equal protection and due process rights were violated when he was improperly charged with a disciplinary violation (Doc. #1).  Plaintiff, an African-American, argued that (1) Miller refused to provide him a copy of the statement against him, found him guilty based on insufficient evidence, denied him a defense, and failed to provide him with an adequate written disposition; (2) Schweitzer improperly denied his appeal; (3) Dempsey and Hoover

1  improperly processed his appeal and failed to rectify the situation; and (4) Schriro failed to

2  rectify the situation (Id.).

3       Both parties moved for summary judgment, and the Court determined that Plaintiff's

4  claims were barred under Edwards v. Balisok, 520 U.S. 641 (1997) because Plaintiff sought

5  damages for the loss of good time credit as a result of the disciplinary charges, but he had not

6  prevailed in challenges to the disciplinary charges (Doc. #26).  Plaintiff has moved to amend

7  his complaint and now argues that even though he lost good time credit the sanction did not

8  effect his release date because he was serving a sentence of natural life (Doc. #28).  The

9  Court treats Plaintiff's motion as one seeking reconsideration.

10      The Court may relieve a party from a final judgment for: (1) mistake, inadvertence,

11  surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is

12  void; (5) the judgment is satisfied, released, or discharged; or (6) any other reasons justifying

13  relief from the operation of the judgment.  Fed.R.Civ.P. 60(b).  Because Plaintiff is serving

14  a sentence of natural life, success on the merits of his claim will not necessarily result in an

15  earlier release.  See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (providing that if success

16  in a § 1993 action would not necessarily result in a speedier release, an inmate's claims may

17  not be barred under Edwards).  Accordingly, the Court will grant reconsideration of the

18  grounds for granting Defendants summary judgment and address whether Defendants are

19  entitled to summary judgment on the merits of Plaintiff's due process claim.

20  **II.  Motion for Summary Judgment**

21      "Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions,

22  answers to interrogatories, and admissions on file, together with the affidavits, if any, show

23  that there is no genuine issue as to any material fact and that the moving party is entitled to

24  a judgment as a matter of law.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

25  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate

26  time for discovery and upon motion, against a party who fails to make a showing sufficient

27  to establish the existence of an element essential to that party's case, and on which that party

28  will bear the burden of proof at trial."  Id.

1    "Due process in a prison disciplinary hearing is satisfied if the inmate receives written

2  notice of the charges, and a statement of the evidence relied on by the prison officials and the

3  reasons for disciplinary action." Zimmerlee v. Keeny, 831 F.2d 183, 186 (9th Cir. 1987),

4  citing Wolff v. McDonnell, 418 U.S. 539 (1974).  "Due process does not require that an

5  informant's identity be revealed to an inmate." Id.  Further, "[f]indings that result in the loss

6  of liberty will satisfy due process if there is some evidence which supports the decisions of

7  the disciplinary board." Id.

8    On August 7, 2004, a weapon made of epoxy was located in the common area of one

9  of the dorms (Doc. #21, ex. 3).  An investigation was conducted and Moore determined that

10  Plaintiff made and provided the weapon to another African-American inmate (Id.).  The

11  maintenance work crew members were interviewed; and, on August 11, 2004, Moore

12  verbally notified Plaintiff that he was being placed on disciplinary report (Doc. #17, attached

13  declaration, ex. A, B; Doc. #21, ex. 3).  Later that day, Carroll notified Plaintiff in writing

14  that he was charged with conspiracy to commit and prevent the discovery of a violation (Doc.

15  #17, attached declaration, ex. B).  Carroll specifically notified Plaintiff in writing that Carroll

16  was relying on three confidential sources who had identified Plaintiff as the inmate who had

17  made weapons as evidence of the disciplinary violation (id.).

18    A hearing was conducted on September 8, 2004 (id. attached declaration, ex. C).

19  Based on Moore's written report and information from a confidential informant, Plaintiff was

20  found guilty of the disciplinary charge (id.).  Plaintiff received a copy of the disciplinary

21  results with a statement of the evidence relied upon: the officer's report and the confidential

22  informant's statement (id., ex. C).  Plaintiff was not given a written statement regarding

23  exactly what the informant stated.  Schweitzer denied Plaintiff's appeal (Id., attached

24  declaration, ex. E).  Plaintiff subsequently attempted to appeal his charge to Schriro; but for

25  unexplained reasons, his appeal was never properly processed (Id., attached declaration, exs.

26  F, G, I).  Plaintiff then submitted an untimely appeal (Id., exs. H, J).

27    Based on the summary judgment evidence, Plaintiff received notice of a hearing

28  approximately one month prior to the hearing, and was informed what evidence would be

1    relied upon at the hearing.  Plaintiff alleged that he was denied due process because he did

2    not receive a copy of the confidential informant's statement.  Inmates do not have a due

3    process right to learn the identity of a confidential informants or to obtain a copy of the

4    confidential statement reports.  See Wolff, 418 U.S. at 565-67; King v. Wells, 760 F.2d 89,

5    93-94 (6th Cir.1985); see also Zimmerlee, 831 F.2d at 186.  Plaintiff also received notice of

6    the results of the disciplinary action and the reasons for the action.  Plaintiff was then

7    allowed to appeal the decision.  Plaintiff received the process due in connection with the

8    disciplinary charge.  Further, Defendants' determination in regard to the disciplinary action

9    was properly based on "some evidence."  See Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir.

10   2003) (providing that the Due Process Clause only requires that the ADC have "some

11   evidence" of a disciplinary violation); see also Hill v. Superintendent, 472 U.S. 445, 453

12   (1985).  Thus, Plaintiff's due process rights were not violated.

13        Plaintiff also argues that his equal protection rights were violated because he was

14   found guilty based solely on his race.  The Constitution does not require that the law treat

15   every individual exactly alike in order to withstand constitutional attack.  Mlikotin v. City

16   of Los Angeles, 643 F.2d 652, 653 (9th Cir. 1981).  Equal protection only requires that "all

17   persons similarly situated shall be treated alike." Plyler v. Doe, 457 U.S. 202, 216 (1982);

18   Gilbrook v. City of Westminister, 177 F. 3d 839, 871 (9th Cir. 1999) (providing that to state

19   an equal protection claim, a plaintiff must allege "unequal treatment of people similarly

20   situated").  Plaintiff has not and cannot demonstrate that he was treated differently than

21   similarly situated persons because Defendants had some evidence that Plaintiff, not the other

22   members of his crew, possessed the weapon.

23        On reconsideration of the grounds for granting Defendants summary judgment in its

24   prior order, the Court concludes that Defendants are entitled to summary judgment on the

25   merits of Plaintiff's due process claim.  The Court accordingly modifies its previous order

26   to the extent set forth herein

27

28

- 4 -

1    **IT IS ORDERED:**

2        (1) Plaintiff's Motion to Amend (Doc. #28) is construed as a Motion to Reconsider

3    and is **granted.**

4        (2) The prior Order entered is modified to the extent that Defendants are **granted**

5    summary judgment on the merits of Plaintiff's claims.

6        DATED this 21st day of August, 2007.

7

8    _____

9                    Stephen M. McNamee
                 United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -